GERARD FOX LAW, P.C.
Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
T: (310) 441-0500
F: (310) 441-4447

Attorneys for JONATHAN CUMMINGS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CUMMINGS; | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| WORKTAP, INC.; MARK ROBINSON; AND DAVID LEE; | |
| Defendants. | |

JON CUMMINGS' COMPLAINT

Plaintiff Jonathan Cummings, by and through his attorneys, based on his own experience and investigation, as well as the independent investigation of counsel, and based on information and belief, alleges against Defendants Worktap, Inc., Mark Robinson, and David Lee, as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.     Jonathan Cummings and Hilary Hegener (collectively the "Cummings Family"), along with several other investors, provided Worktap, Inc. with investment capital. Cummings paid Worktap $200,000 for two Convertible Promissory Notes. In early 2017, after the Notes had matured, Cummings demanded payment of the Notes. Defendants Worktap, and founders Mark Robinson and David Lee, have failed to pay Cummings according to the terms of the Notes. Following months of unsuccessful attempts to obtain payment or reach an informal resolution of this matter, Cummings seeks relief from this Court for payment of the notes plus interest.

2.     In addition, Cummings is informed and believes that Mark Robinson and David Lee operated Worktap as their alter-ego and without regard to the necessary corporate formalities, including misclassifying themselves as independent contractors to avoid taxes, using corporate accounts to pay for personal expenses and engaging in other interested party transactions, failing to have a properly composed board, and failing to comply with material corporate formalities. Mark Robinson and David Lee's actions demonstrate that Worktap is merely their alter ego and its existence should not protect them, jointly and severally, from liability.

## THE PARTIES

3.     Plaintiff Jonathan Cummings is an individual who lives in New Jersey and works in New York.

4.     Defendant Worktap, Inc. is a California corporation with a principal place of business at 858 Patricia Way, San Rafael, CA 94903. Worktap's registration file date with the California Secretary of State was January 9, 2012.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

5.      As of October 27, 2017, Worktap's registration as a California business was listed as "FTB Suspended" by the California Secretary of State.

6.      Defendant Mark Robinson is the Chief Executive Officer Secretary, Chief Financial Officer, and founder of Worktap. He is a California resident.

7.      There exists, and has existed for all relevant times, a unity of interest between Worktap and Mark Robinson, such that any individuality and separateness between these two defendants have ceased and defendant Worktap is the alter ego of defendant Mark Robinson. At all relevant times, Mark Robinson has commingled and diverted the assets of Worktap for his personal benefit. This has been done, at least in part, to evade Worktap and Mark Robinson's obligations to creditors. Mark Robinson has also failed to adhere to the necessary corporate formalities and has continued to operate the Worktap business when its corporate registration was suspended by the California Secretary of State.

8.      Adherence to the fiction that defendant Worktap is an entity separate and distinct from Mark Robinson would permit an abuse of the corporate privilege of these Defendants and would sanction fraud and promote injustice.

9.      Defendant David Lee is the Chief Revenue Officer, Director and co-founder of Worktap. He is a California resident.

10.     There exists, and has existed for all relevant times, a unity of interest between Worktap and David Lee, such that any individuality and separateness between these two defendants have ceased and defendant Worktap is the alter ego of defendant David Lee. At all relevant times, David Lee has commingled and diverted the assets of Worktap for his personal benefit. This has been done, at least in part, to evade Worktap and David Lee's obligations to creditors. David Lee has also failed to adhere to the necessary corporate formalities and has continued to operate the Worktap business when its corporate registration was suspended by the California Secretary of State.

11.    Adherence to the fiction that defendant Worktap is an entity separate and distinct from David Lee would permit an abuse of the corporate privilege of these defendants and would sanction fraud and promote injustice.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

13.    This Court has general personal jurisdiction over Worktap because it has substantial and continuous business contacts with California, its nerve center is in San Rafael, and it was registered to do business here.

14.    This Court has general personal jurisdiction over Mark Robinson who works at Worktap in San Rafael and is a California resident.

15.    This Court has general personal jurisdiction over David Lee who works at Worktap in San Rafael and is a California resident.

16.    Venue is appropriate in this Court because a substantial part of the events giving rise to this Complaint occurred in this district and at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

17.    Because this lawsuit arose in Marin County, it should be assigned to the San Francisco/Oakland Division of this Court.

## STATEMENT OF FACTS

### The April 13, 2015 Note Purchase Agreement and Convertible Promissory Note

18.    The Cummings Family agreed to purchase convertible promissory notes from Worktap, subject to the terms and conditions set forth in the fully-executed Note Purchase Agreement and Convertible Promissory Note, dated April 13, 2015.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

19.     Worktap agreed to sell convertible promissory notes to the Cummings Family, subject to the terms and conditions set forth in the fully-executed Note Purchase Agreement and Convertible Promissory Note, dated April 13, 2015.

20.     Under Paragraph 7(b), the Note Purchase Agreement shall be governed by California law, as follows:

> This Agreement and all actions arising out of or in connection with this Agreement shall be governed by and construed in accordance with the laws of the State of California regard to the conflicts of law provisions of the State of California or of any other state.

21.     The Convertible Promissory Note dated April 13, 2015 states that Worktap promises to pay the Cummings Family the principal sum of $150,000, or such lesser amount as shall then equal the outstanding principal amount hereof, together with simple interest from the date of this Note on the unpaid principal balance at a rate equal to five percent (5%) per annum.

22.     The Cummings Family paid $150,000 to Worktap in consideration for the Convertible Promissory Note dated April 13, 2015.

23.     As of October 27, 2017, the outstanding principal sum for the Convertible Promissory Note dated April 13, 2015 is $150,000.

24.     As of October 27, 2017, the simple interest on the unpaid principal balance for the Convertible Promissory Note is $19,171.23.

25.     The simple interest on the unpaid principal balance for the Convertible Promissory Note accrues at a rate of $20.55 per day.

26.     The Convertible Promissory Note dated April 13, 2015 further states it shall be due and payable after the Maturity Date on April 30, 2016.

27.     Paragraph 11 of the Convertible Promissory Note dated April 13, 2015 obligates Worktap to pay all costs and expenses incurred by the Cummings Family in action to collect on that note:

> If action is instituted to collect this Note, the Company promises to pay all costs and expenses, including, without

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

limitation, reasonable attorneys' fees and costs, incurred in connection with such action.

28.   Under Paragraph 12 of the Convertible Promissory Note dated April 13, 2015, the Note is governed by and construed in accordance with the laws of the State of California, without regard to the conflicts of law provisions of the State of California or of any other state.

## The January 27, 2016 Note Purchase Agreement and Convertible Promissory Note

29.   The Cummings Family agreed to purchase convertible promissory notes from Worktap, subject to the terms and conditions set forth in the fully-executed Note Purchase Agreement, dated January 27, 2016.

30.   Worktap agreed to sell convertible promissory notes to the Cummings Family, subject to the terms and conditions set forth in the fully-executed Note Purchase Agreement, dated January 27, 2016.

31.   The terms of the Cummings Family and Worktap's agreement are set forth in the Note Purchase Agreement, dated January 27, 2016.

32.   Under Paragraph 7(b), the Note Purchase Agreement shall be governed by California law, as follows:

> This Agreement and all actions arising out of or in connection with this Agreement shall be governed by and construed in accordance with the laws of the State of California regard to the conflicts of law provisions of the State of California or of any other state.

33.   The Convertible Promissory Note dated January 27, 2016 states that Worktap promises to pay the Cummings Family the principal sum of $50,000, or such lesser amount as shall then equal the outstanding principal amount hereof, together with simple interest from the date of this Note on the unpaid principal balance at a rate equal to five percent (5%) per annum.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

34.     The Cummings Family paid $50,000 to Worktap in consideration for the Convertible Promissory Note dated January 27, 2016.

35.     As of October 27, 2017, the outstanding principal sum for the Convertible Promissory Note dated January 27, 2016 is $50,000.

36.     As of October 27, 2017, the simple interest on the unpaid principal balance for the Convertible Promissory Note dated January 27, 2016 is $4,376.71.

37.     The simple interest on the unpaid principal balance for the Convertible Promissory Note dated January 27, 2016 accrues at a rate of $6.85 per day.

38.     The Convertible Promissory Note dated January 27, 2016 further states it shall be due and payable after the Maturity Date on January 31, 2017.

39.     Paragraph 12 of the Convertible Promissory Note dated January 27, 2016 obligates Worktap to pay all costs and expenses incurred by the Cummings Family in action to collect on that note:

> If action is instituted to collect this Note, the Company promises to pay all costs and expenses, including, without limitation, reasonable attorneys' fees and costs, incurred in connection with such action.

40.     Under Paragraph 13 of the Convertible Promissory Note dated January 27, 2016, the Note is governed by and construed in accordance with the laws of the State of California, without regard to the conflicts of law provisions of the State of California or of any other state.

## Worktap Breaches the Terms of Its Agreements

41.     On January 13, 2017, the Cummings Family notified Worktap of their demand for payment of the Convertible Promissory Note dated April 13, 2015.

42.     On February 1, 2017, the Cummings Family notified Worktap of their demand for payment of the Convertible Promissory Note dated January 27, 2016.

43.     As of October 27, 2017, Worktap has not paid the Cummings Family any money for their Convertible Promissory Notes.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

**Worktap's Founders Mark Robinson and David Lee Operate Worktap as Their Alter-Ego**

44.    On information and belief, Mark Robinson and David Lee failed to constitute a board of directors for Worktap that complied with applicable law.

45.    Further, on information and belief, Mark Robinson and David Lee commingled assets and improperly used Worktap's assets for personal gain. They further failed to properly record their income from Worktap and declare it to the appropriate taxing authorities.

***Founders Robinson and Lee Loot
Worktap's Bank Accounts for Personal Gain***

46.    On information and belief, Mark Robinson arranged for payments to himself, directly and indirectly, from Worktap's corporate accounts in multiple irregular ways and at numerous irregular times not aligned with Worktap's bi-monthly payroll dates.

47.    On information and belief, in 2014, Mark Robinson received, directly and indirectly, compensation from Worktap in excess of what Worktap reported as compensation to Mark Robinson.

48.    On information and belief, in 2014, Worktap did not report, file, or issue proper and accurate tax documentation about Mark Robinson's 2014 compensation.

49.    On information and belief, in 2015, Mark Robinson received, directly and indirectly, aggregate compensation from Worktap in excess of what Worktap reported as compensation to Mark Robinson.

50.    On information and belief, Worktap did not report, file, or issue proper and accurate tax documentation about Mark Robinson's 2015 compensation.

51.    On information and belief, in 2016, Mark Robinson received, directly and indirectly, compensation from Worktap in excess of what Worktap reported as compensation for Mark Robinson.

52.    On information and belief, Worktap did not report, file, or issue proper and accurate tax documentation about Mark Robinson's 2016 compensation.

53.     On information and belief, Mark Robinson diverted Worktap funds to pay for his own personal expenses and treated Worktap's assets as his own.

54.     On information and belief, Mark Robinson has continued to direct monies to himself from Worktap, even after receiving the Cummings Family's demands.

55.     On information and belief, David Lee arranged for payments to himself, directly and indirectly, from Worktap in multiple irregular ways and at numerous irregular times not aligned with Worktap's bi-monthly payroll dates.

56.     On information and belief, in 2014 David Lee received, directly and indirectly, aggregate compensation from Worktap in excess of what Worktap reported as compensation to David Lee.

57.     On information and belief, Worktap did not report, file, or issue proper and accurate tax documentation about David Lee's 2014 compensation.

58.     On information and belief, in 2015, David Lee received, directly and indirectly, compensation from Worktap in excess of what Worktap reported as compensation to David Lee.

59.     On information and belief, Worktap did not report, file, or issue proper and accurate tax documentation about David Lee's 2015 compensation.

60.     On information and belief, in 2016, David Lee received, directly and indirectly, compensation from Worktap in excess of what Worktap reported as compensation to David Lee.

61.     On information and belief, Worktap did not report, file, or issue proper and accurate tax documentation about David Lee's 2016 compensation.

62.     On information and belief, David Lee diverted Worktap funds to pay for his own personal expenses and treated Worktap's assets as his own.

63.     On information and belief, David Lee has continued to direct monies to himself from Worktap, even after receiving the Cummings Family's demands.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

### *Founders Robinson and Lee Misclassify Themselves*
### *as Independent Contractors to Evade Taxes*

64.     Under California Unemployment Insurance Code § 621(a), an employee means "any officer of a corporation."

65.     On information and belief, in 2014, Mark Robinson, the Chief Executive Officer, classified himself as an independent contractor for Worktap.

66.     On information and belief, in 2015, Mark Robinson, the Chief Executive Officer, classified himself as an independent contractor for Worktap.

67.     On information and belief, in 2016, Mark Robinson, the Chief Executive Officer, classified himself as an independent contractor for Worktap.

68.     On information and belief, in 2017, Mark Robinson, the Chief Executive Officer, classified himself as an independent contractor for Worktap.

69.     On information and belief, Mark Robinson intentionally misclassified himself as an independent contractor for Worktap to evade personal income tax and avoid Worktap's obligations to pay taxes and withhold income.

70.     On information and belief, in 2014, 2015, and 2016, Worktap did not collect or pay payroll taxes or make withholdings for compensation payments to Mark Robinson.

71.     In 2014, David Lee, the Chief Revenue Officer, classified himself as an independent contractor for Worktap.

72.     For a portion of 2015, David Lee, the Chief Revenue Officer, classified himself as an independent contractor for Worktap.

73.     On information and belief, David Lee intentionally misclassified himself as an independent contractor for Worktap to evade personal income tax and avoid Worktap's obligations to pay taxes and withhold income.

74.     On information and belief, in 2014 and a portion of 2015, Worktap did not collect or pay payroll taxes or make withholdings on compensation payments to David Lee.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

75.     In 2015, Worktap retained outside payroll services.

76.     On information and belief, Mark Robinson has not enrolled in Worktap's outside payroll service.

77.     On information and belief, David Lee enrolled in Worktap's outside payroll service during 2015, but has continued to receive compensation outside of the payroll service that has not been properly reported and on which Worktap has not collected or paid payroll taxes or made proper withholdings.

78.     As a consequence of the founders' misclassification, Worktap's tax documentation contains false information concerning the founders' compensation.

79.     As a consequence of the founders' misclassification, Worktap has violated federal and state payroll tax-related regulations.

## CAUSES OF ACTION

### First Cause of Action—Breach of Contract

### (All Defendants)

80.     Plaintiff re-alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

81.     Worktap entered into a Note Purchase Agreement to issue the Cummings Family a Convertible Promissory Note in the amount of $150,000.

82.     The Cummings Family paid Worktap $150,000 for the Convertible Promissory Note dated April 13, 2015.

83.     The Cummings Family has done all, or substantially all, of the significant things that the Note Purchase Agreement and Convertible Promissory Note, dated April 13, 2015, required them to do.

84.     Worktap issued the Cummings Family a Convertible Promissory Note for the principal amount of $150,000.

85.     Defendants breached the agreements by failing to pay the Cummings Family the amount of principal, plus applicable interest, demanded on or after the

Maturity Dates of the respective notes, as defined by the Note Purchase Agreement and Convertible Promissory Note, dated April 13, 2015.

86. The Cummings Family has been harmed by Defendants' breach of contract.

87. Defendants' breach of contract was a substantial factor in causing the Cummings Family harm.

## Second Cause of Action—Breach of Contract

### (All Defendants)

88. Plaintiff re-alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

89. Worktap entered into a Note Purchase Agreement to issue the Cummings Family a Convertible Promissory Note in the amount of $50,000.

90. The Cummings Family paid Worktap $50,000 for the Convertible Promissory Note dated January 27, 2016.

91. The Cummings Family has done all, or substantially all, of the significant things that the Note Purchase Agreement and Convertible Promissory Note, dated January 27, 2016, required them to do.

92. Worktap issued the Cummings Family a Convertible Promissory Note for the principal amount of $50,000.

93. Defendants breached the agreements by failing to pay the Cummings Family the amount of principal, plus applicable interest, demanded on or after the Maturity Dates of the respective notes, as defined by the Note Purchase Agreement and Convertible Promissory Note, dated January 27, 2016.

94. The Cummings Family has been harmed by Defendants' breach of contract.

95. Defendants' breach of contract was a substantial factor in causing the Cummings Family harm.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

### Third Cause of Action—False Promise

### (All Defendants)

96.    Plaintiff re-alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

97.    Defendants made a promise to the Cummings Family to pay the principal, plus interest, on the April 13, 2015 Convertible Promissory Note, on the Cummings' Family demand, after the Maturity Date.

98.    Defendants never intended to perform this promise, including at the time they made it.

99.    Defendants intended the Cummings Family to rely on their promise in purchasing the Convertible Promissory Notes.

100.    The Cummings Family reasonably relied on the Defendants' promises in purchasing the Convertible Promissory Notes.

101.    Defendants did not repay the principal of the Notes, plus interest, upon the Cummings Family's demand.

102.    The Cummings Family has been harmed by Defendants' failure to repay the principal of the notes, plus interest.

103.    The Cummings Family's reliance on Defendants' promise was a substantial factor in causing the Cummings Family's harm.

104.    Defendants' false promise to the Cummings Family was willful, malicious, and undertaken with the intent to defraud, and justifies the awarding of exemplary or punitive damages.

### Fourth Cause of Action—False Promise

### (All Defendants)

105.    Plaintiff re-alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

106.    Defendants made a promise to the Cummings Family to pay the principal, plus interest, on the January 27, 2016 Convertible Promissory Note, on the Cummings' Family demand, after the Maturity Date.

107.    Defendants never intended to perform this promise, including at the time they made it.

108.    Defendants intended the Cummings Family to rely on their promise in purchasing the Convertible Promissory Notes.

109.    The Cummings Family reasonably relied on the Defendants' promises in purchasing the Convertible Promissory Notes.

110.    Defendants did not repay the principal of the Notes, plus interest, upon the Cummings Family's demand.

111.    The Cummings Family has been harmed by Defendants' failure to repay the principal of the notes, plus interest.

112.    The Cummings Family's reliance on Defendants' promise was a substantial factor in causing the Cummings Family's harm.

113.    Defendants' false promise to the Cummings Family was willful, malicious, and undertaken with the intent to defraud, and justifies the awarding of exemplary or punitive damages.

GERARD FOX LAW, P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

**PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1.    Awarding compensatory damages against all Defendants, jointly and severally, in an amount of $223,547.95, plus $27.40 in interest per day after October 27, 2017.

2.    Awarding damages in an amount of Plaintiff's reasonable attorneys' fees and costs.

3.    Awarding punitive damages at the maximum amount permitted by law.

4.    Awarding such other relief as this Court may deem just and proper.


DATED: October 27, 2017                **GERARD FOX LAW P.C.**

Gerard P. Fox (SBN 151649)
*gfox@gerardfoxlaw.com*
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

### Jury Trial Demand

Plaintiff hereby demands a trial by jury on all issues which are subject to adjudication by a trier of fact.


DATED: October 27, 2017                    **GERARD FOX LAW P.C.**

_[signature]_

_____

Gerard P. Fox (SBN 151649)
*gfox@gerardfoxlaw.com*
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447