Keith R. Gillette (Bar No. 191082)
kgillette@archernorris.com
Jessica S. Pliner (Bar No. 261976)
jpliner@archernorris.com
Adrian T. Lambie (Bar No. 268247)
alambie@archernorris.com
ARCHER NORRIS
2033 North Main Street, Suite 800
Walnut Creek, CA  94596-3759
Telephone:   925.930.6600
Facsimile:     925.930.6620

Attorneys for Defendant/Counter-Claimant
WORKTAP TECHNOLOGIES, INC., and
Defendants MARK ROBINSON, and DAVID LEE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN CUMMINGS; and HILARY HEGENER<br><br>Plaintiffs,<br><br>v.<br><br>WORKTAP, INC.; MARK ROBINSON; AND DAVID LEE,<br><br>Defendants.<br><br>―――――――――――<br><br>WORKTAP TECHNOLOGIES, INC.,<br><br>Counter-Claimant.<br><br>v.<br><br>JONATHAN CUMMINGS,<br><br>Counter-Defendant. | Case No. 3:17-cv-06246-SBA<br><br>**WORKTAP TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE, OR ALTERNATIVELY, MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, On April 11, 2018, at 1:00 p.m., at the above-entitled court, located at 1301 Clay Street, Oakland, CA 94612, Defendant and Counter-Claimant Worktap Technologies, Inc. ("Worktap"), erroneously sued as Worktap, Inc., will and hereby does move this Court for relief from portions of the February 2, 2018 Report and Recommendation regarding Plaintiffs' Ex Parte Application for a Writ of Attachment as well as the February 6, 2018 Order denying in part and granting in part Plaintiffs' Motion for Reconsideration. (Dkts. 42, 46).  Worktap seeks relief from the non-dispositive pretrial order of the magistrate judge, or alternatively, a de novo determination of dispositive matter referred to the magistrate judge, pursuant to Local Rules 72-3 and 72-2, FRCP Rule 72(a-b), and 28 U.S.C. § 636(b)(1).

This motion is based upon this notice, the accompanying memorandum of points and authorities, the declarations of Mark Robinson and Jessica Stuart Pliner (and exhibits) filed in support of Worktap's Opposition and Supplemental Briefing (Dkts. 32, 34 and 41-1), the concurrently filed declaration of Jessica Stuart Pliner and its exhibits, all pleadings, papers and records on file in this action, and any evidence or argument presented at the hearing on this matter.

Case No. 3:17-cv-06246-SBA

WORKTAP TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE, OR ALTERNATIVELY, DE NOVO DETERMINATION

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek a writ of attachment for two convertible notes ("2015 Note" and "2016 Note") along with interest and attorney's fees. Worktap demonstrated that the 2016 Note is invalid as it never assented to the material terms and the signature on the 2016 Note is essentially a forgery. Essentially Judge Kim recommends a writ issue for the amount of the 2015 Note and interest calculated based on the maturity date in the 2015 Note – with a recommendation that no principal and interest for the 2016 Note, or any attorneys' fees be included. The magistrate judge's rulings failed to address the evidence that Plaintiffs not only consented to the modifications of their 2015 Note which were accomplished through the fraudulent 2016 Note, but further affirmed the effects of the fraudulent modifications to the 2015 Note. The magistrate judge erroneously ignored Worktap's arguments that its obligations under the 2015 Note were extinguished by the fraudulent modification and that after affirmatively accepting the modifications created by the fraudulent 2016 Note, Plaintiffs are estopped from reverting back to the original terms of the 2015 Note as they attempt to do in this suit and the Application for a writ.

## II.   RECOMMENDATIONS SUBJECT TO WORKTAP'S OBJECTIONS

In the Report and Recommendation, the magistrate judge recommends that the principal amount of the 2015 Note ($150,000) be included in an Order for a right to attach. (Dkt. 42, at *1 lns. 18-20, *3, lns 17-4:18, *6, lns 10-12). In the Order denying in part and granting in part Plaintiffs' Motion for Reconsideration, the magistrate judge has recommended adding $20,876.71 in interest based on an April 2016 maturity date for the 2015 Note. (Dkt. 46, *1, lns 21-22, *3, lns 14-24). Worktap objects to these two specific parts of the rulings.

## III.  RELIEF SOUGHT

To the extent that the Order on Plaintiffs' Ex Parte Application for a Writ of Attachment constitutes a dispositive matter, Worktap seeks a de novo determination of

the matter.  Alternatively, if Judge Kim's Orders constitute a non-dispositive pretrial order, Worktap seeks relief from the recommendations identified above.  Some confusion stems from the various orders on Plaintiffs' Ex Parte Application.  This Court's Order referring the matter to a magistrate specified pretrial 28 U.S.C.A. § 636(b)(1)(a) which pertains to nondispositive matters, whereas both of Judge Kim's rulings referenced FRCP 72(b) and Local Rule 72-3 which relate specifically to dispositive matters[1].  (Compare Dkt. No. 25 with Nos. 42 and 46).  To determine whether the application for writ of attachment should be characterized as dispositive or nondispositive, one must look to the effect of the motion.  See, e.g. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-748 (9th Cir.1990).  While the writ of attachment is a preliminary remedy, akin to a preliminary injunction, it does not by itself, dispose of a claim or defense and appears to be a nondispositive matter.  Because it is not clear-cut, Worktap attempts to address the errors under both standards within the page limits.

**IV.    LEGAL SUPPORT FOR WORKTAP'S OBJECTIONS**

    **A.    It was error to omit the Impact to the 2015 Note by the forgery.**

While Worktap set forth the impact and then clarified the significance of the forged 2016 Note in its supplemental briefing, as authorized to by the Court, the Recommendation and Report (and subsequent order) fail to mention the impact to the 2015 Note of the forgery and Plaintiff's subsequent affirmance.  Material terms of the 2015 Note have been modified through the fraudulent 2016 Note and Plaintiff's subsequent affirmance of the modifications.  As such, the obligations owed to Plaintiffs have been discharged.  See, California Civ. Code, § 1700 (The intentional cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act); Restatement (Second) of Contracts §

---

[1] Worktap adheres to LR 72-3, requiring compliance with LR 7-2 setting a hearing out of an abundance of caution based on Judge Kim's directives in Dkt nos. 42 & 46.

WORKTAP TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE, OR ALTERNATIVELY, DE NOVO DETERMINATION

286 (1981) (If a party to whom a duty is owed under a contract represented by such a writing fraudulently and materially alters the writing, that duty is discharged).  An alteration may be by addition, deletion or substitution. Id.

In *California Savings & Commercial Bank v. Wheeler* (1932) 216 Cal. 742, 743-44, a foreclosure action, Harriet Wheeler, Edgar Brown, and Brown's wife signed a note and mortgage in favor of the plaintiff bank.  The mortgage originally excluded a 12 foot strip of the property that had been previously deeded to the city.  *Id*. at p. 744. The bank later acquired the 12 foot strip of land, and the bank then crossed out the line in the mortgage instrument that excluded the strip of land from the mortgage, having the effect of imposing the mortgage on the 12 foot strip of land.  Ibid.  The alteration was made without Wheeler's express consent.  Ibid.  The court held that the mortgage was not enforceable as to Wheeler, and that he was relieved of all liability under the mortgage.  *Id*. at p. 745.

Here, In January 2016, through the inclusion of a retroactive election in the 2016 Note, Plaintiff and his brother modified the terms of the 2015 Note.  (See, Para. 8 of 2016 Note, page 15 of Dkt. No. 21-2).   In January 2017 Jonathan Cummings repudiated certain terms of the 2015 Note and affirmed the substituted new terms to which Worktap never assented.  (Robinson Dec. ¶ 23-27, Dkt. No 41-1).  Having affirmed their election to modify the 2015 Note (election provided in the 2016 Note), all obligations have been extinguished and Plaintiffs should be estopped from proceeding on the 2015 Note.

**B.    It was error to consider Plaintiffs' unauthorized submission regarding interest.**

As a preliminary matter, it should be noted that after Plaintiffs filed a 15 page motion, Worktap adhered to the Court's Order permitting a 5 page response.  At the hearing, Judge Kim authorized Plaintiffs to file a response "regarding the allegations of fraudulent signatures on the 2016 note." (Dkt. 36).  Not only did Plaintiffs' supplemental briefing far exceed the authorization from Judge Kim, but when they failed to deliver a

courtesy copy of their briefing and sought permission to have it considered, Plaintiffs <u>again</u> exceeded the scope of permission by the Court and filed supplemental briefing on interest calculations – a subject entirely separate from the fraudulent signatures. (See, Dkts. 37, and 43-1, p. 3: ln 3 through p. 4, ln 24). The entire basis for the changed conclusion of the Magistrate Judge was based on additional briefing provided by Plaintiffs – after notifying the Court (through an email to Judge Kim's clerks) that they merely wanted their prior briefing considered. (See email attached hereto). The calculation utilized was never before provided and not the subject of the authorized supplemental briefing, or the statement made to the clerks to permit yet another filing on the matter. While Worktap would appreciate the opportunity to respond to all of Plaintiffs' unauthorized supplemental briefing, it has adhered to Judge Kim's limits on pages and scope of briefing. Therefore, it was clear error to consider the supplemental calculations.

### C. It was error to ignore the Perfected UCC-1 Security Interests

The Magistrate Judge's Report is also clearly erroneous as it does not address the evidence submitted establishing that Worktap's assets are the subject of pre-existing perfected UCC-1 security interests. (See, Robinson Dec. ¶ 29, Dkt. No. 41-1). Moreover, since the filing of its briefing, after giving notice of Plaintiffs' claim and *ex parte* application for writ of attachment, Worktap has received a notice and demand from one of its investors, holding a security agreement, filed with its UCC-1 Financing Statement. (Pliner Dec. ¶ 4).

### V. CONCLUSION

Because there is no reference whatsoever made in the Report and Recommendation or the subsequent Order to the extinguishment of Worktap's obligations under the 2015 Note due to the modification of material terms accomplished through the 2016 fraudulent Note, with the affirmance by Plaintiffs, the Court erred in failing to consider the evidence and argument submitted by Worktap on the issue. Likewise, there is no reference to the evidence submitted regarding Worktap's assets

being subject to pre-existing perfected UCC-1 security interests. Finally, Plaintiffs were not provided permission to provide briefing pertaining to alternate interest calculations and the subsequent Order recommending interest based on an April 2016 maturity date was clearly erroneous, especially in light of Plaintiffs' prior repudiation of selected terms in the 2015 Note.  Accordingly, the portion of the Report and subsequent Order recommending that a writ issue for $150,000 (for the 2015 Note which was fraudulently modified by the 2016 Note) and the $20,876.71 in interest should be overruled and no Right to Attach Order and Writ of Attachment should be ordered.

Dated: February 20, 2018

ARCHER NORRIS

/s/ Jessica Stuart Pliner
_____
Keith R. Gillette
Jessica S. Pliner
Adrian T. Lambie

Attorneys for Defendants
WORKTAP, INC., MARK ROBINSON, and DAVID LEE